UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                                    Plaintiff,

    v.                                                                                                Case No. 20-cv-1196-bhl

JEFFERY MANLOVE and
CRYSTAL MELI,

                                    Defendants.

---

## DECISION AND ORDER

---

Jovan Williams, an inmate at Waupun Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. On August 31, 2020, Williams filed an amended complaint, which he is permitted to do once without the court's permission. *See* Fed. R. Civ. P. 15. However, the court was unable to read the majority of his amended complaint because the plaintiff's handwriting was too light to copy properly. He was ordered to refile his amended complaint, which he did on September 8, 2020. Dkt. No. 9. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his amended complaint, dkt. no. 9.

## I.    Motion for Leave to Proceed without Prepaying the Filing Fee

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28

1

U.S.C. §1915(b)(1).  He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On August 13, 2020, Chief Judge Pamela Pepper (to whom the case was assigned at that time) ordered the plaintiff to pay an initial partial filing fee of $0.91.  Dkt. No. 6.  The plaintiff paid that fee on August 31, 2020.  The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee.  He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.  Screening the Complaint

### A.  Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)).  To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when

2

the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. The Plaintiff's Allegations**

Williams alleges that defendants Jeffery Manlove and Crystal Meli were deliberately indifferent to his serious medical condition and provided him with inadequate medical treatment. Dkt. No. 9 at 2. According to the plaintiff, the defendants were aware that he had a long history of overdosing by swallowing pills, but nevertheless refused to place Williams on a crushed meds restriction and instead required security staff to distribute medications to him. *Id.*

Williams alleges that the defendants ultimately canceled his prescription for his severe migraine headaches. *Id.* (He does not explain why the defendants made this decision.) He says that, because he was no longer taking medication, his migraine headaches became so severe that he was, at times, unable to read, write or leave his cell. *Id.* at 2-3.

**C. Analysis**

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly

3

inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id.* (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

At this stage of the case, the court must accept the plaintiff's allegations as true and draw all reasonable inferences in his favor. The court will allow the plaintiff to proceed on a claim of deliberate indifference based on his allegations that the defendants canceled his prescription for migraine medication rather than placing him on a crushed meds restriction. Development of the record will reveal why the defendants made these decisions. However, at this stage, what the plaintiff has alleged is sufficient for him to proceed.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Jeffery Manlove and Crystal Meli. Under the informal service agreement, the court **ORDERS** the defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $349.09 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the

4

amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The agency shall

clearly identify the payments by the case name and number.  If the plaintiff transfers to another

county, state or federal institution, the transferring institution shall forward a copy of this order,

along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the

plaintiff is confined.

The court **ORDERS** that the parties may not begin discovery until after the court enters a

scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program

institutions[1] must submit all correspondence and case filings to institution staff, who will scan and

e-mail documents to the court.  Plaintiffs who are inmates at all other prison facilities must submit

the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.  It

will only delay the processing of the matter.

The court advises the plaintiff that, if he fails to file documents or take other required

actions by the deadlines the court sets, the court may dismiss the case based on his failure to

diligently pursue it.  The parties must notify the clerk of court of any change of address. The

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

5

plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution.  The plaintiff's failure to keep the court advised of his whereabouts may result in the court dismissing this case without further notice.

Dated at Milwaukee, Wisconsin this 1st day of October, 2020.

/s Brett H. Ludwig
Brett H. Ludwig
United States District Judge

6