UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                Plaintiff,

v.                                                 Case No. 20-cv-1196-bhl

JEFFREY MANLOVE, et al.,

                Defendants.

---

## DECISION AND ORDER

---

        On October 1, 2020, the Court screened plaintiff Jovan Williams' amended complaint. Williams alleged that, despite knowing about his long history of overdosing on medication, the defendants refused to put him on a crushed medication restriction and instead required security staff to distribute his medications. (ECF No. 9 at 2.) The defendants then allegedly canceled his prescription for migraines, which Williams says became so bad that he was unable to read, write, or leave his cell. (*Id.* at 2-3.) The court found that Williams stated an Eighth Amendment deliberate indifference claim against the defendants. (ECF No. 10.)

        On November 30, 2020, the defendants filed a motion "under Federal Rules of Civil Procedure 12(b)(6) and 12(e) for an order requiring Plaintiff to provide a more definite statement of his claims under Rule 12(e) or, alternatively, dismissing this lawsuit for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6)." (ECF No. 17 at 1-2.) The defendants want Williams to supplement his amended complaint to identify the dates on which the alleged events occurred. They explain that they need this information "to intelligently respond to Plaintiff's claims against them, as well as investigate their defenses including whether Plaintiff exhausted his administrative remedies before filing this lawsuit." (*Id.* at 4.)

        Under Rule 12(e), a party may move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[M]otions under Rule 12(e) are disfavored and are appropriate only when the pleading is sufficiently intelligible for the court to make out one or more potentially viable theories on which

the claimant might proceed, but is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Wright v. Village of Phoenix*, No. 97-C-8796, 2000 WL 264266, at *9 (N.D. Ill. Feb. 25, 2000) (citations and internal quotation marks omitted).

The defendants ask that Williams identify the dates on which the alleged events occurred. It is not clear why they require these details to "intelligently respond" to Williams' claim. The basis for Williams' claim is clear and straightforward. His allegations may have been minimal, but the court already decided they were sufficient under Rule 8 to give the defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This is all that is required to state a claim.

The defendants also note that having the dates would help them "investigate their defenses including whether Plaintiff exhausted his administrative remedies before filing this lawsuit." "A Rule 12(e) motion, however, is not a substitute for discovery." *Wright*, 2000 WL 264266 at *9. A plaintiff does not need to state his claim with particularity to assist the defendant in unearthing a dispositive defense. *Id.* (citations omitted). Specific dates are precisely the details a defendant should obtain in discovery. This is especially so in cases against pro se prisoners who may not have easy access to their medical records and may not have a clear memory of what happened on what day.

Given that Williams has provided the court and the defendants with sufficient notice of the nature of his claim and given that the defendants can obtain the details they seek in discovery, the court will deny the defendants' motion.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss or alternatively for a more definite statement of claim (ECF No. 16) is **DENIED**.

Dated at Milwaukee, Wisconsin this 18th day of December, 2020.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

2

Case 2:20-cv-01196-BHL-SCD   Filed 12/18/20   Page 2 of 2   Document 18