UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOVAN WILLIAMS,

                      Plaintiff,

v.                                                 Case No. 20-cv-1196-bhl

JEFFERY MANLOVE, et al.,

                      Defendants.

## ORDER

Plaintiff Jovan Williams is representing himself in this 42 U.S.C. §1983 action. On July 6, 2021, Defendants filed a motion for summary judgment. On October 4, 2021, after having previously granted two extensions, the Court ordered Williams to file his response materials by October 15, 2021. Dkt. No. 36. The Court warned Williams that, if he failed to respond by the deadline, the Court would accept all facts asserted by Defendants as undisputed and would decide their motion without his input. Dkt. No. 36. Three days after the revised deadline, on October 18, 2021, Williams filed a fourth motion for an extension of time. Dkt. No. 37. Williams asked for an additional five days from the filing of his motion, or until October 23, 2021, to file his response materials. It is now six days beyond even the extended deadline proposed by Williams, and the Court still has not received his response materials. Accordingly, for the reasons explained in its October 4, 2021 order, the Court will deny his fourth motion for an extension of time as moot, will accept all facts asserted by Defendants in their summary judgment motion as undisputed, and will decide Defendants' summary judgment motion without Williams' input.

Williams is proceeding on an Eighth Amendment claim based on assertions that Defendants were deliberately indifferent to his severe migraines when they refused to place him on a crushed meds restriction and instead canceled the prescription based on his history of misusing medication. Dkt. No. 10 at 3-4. On July 6, 2021, Defendants filed a motion for summary judgment in which they denied Williams' claim, asserting that they were not personally involved in the decision to deny Williams' request for crushed meds or the decision to cancel his prescription. Dkt. Nos. 21, 26. Further, they explained that Williams' medical providers exercised their professional judgment in determining that it was unsafe for Williams to receive medication that he continually misused. Dkt. Nos. 21, 26.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court as a result of Williams' failure to respond, the Court concludes that Defendants were not personally involved in the decisions to deny Williams' request for crushed meds or the decision to cancel his prescription. Further, the Court concludes that, in light of Williams' long history of abusing medication, Defendants were not deliberately indifferent when they approved trying other non-pill treatments (specifically, lidocaine patches) before pursuing crushed meds as a treatment. Defendants are therefore entitled to judgment as a matter of law and their motion must be granted.

Additionally, pursuant to the Court's inherent authority and Civil L. R. 7(d), the Court concludes that Williams' failure to comply with the Court's orders and his failure to respond to Defendants' motion is sufficient cause in and of itself for the Court to grant their motion as a sanction for his willful disobedience, delay, and bad faith.

**IT IS THEREFORE ORDERED** that Williams' fourth motion for extension of time (Dkt. No. 37) is **DENIED** as moot, Defendants' motion for summary judgment (Dkt. No. 21) is **GRANTED,** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 29, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.